**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.  CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIRST</u> JUDICIAL CIRCUIT,
IN AND FOR <u>ESCAMBIA</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>CHARYLANE AUTREY</u>
Plaintiff
         vs.
<u>ASCEND PERFORMANCE MATERIALS OPERATIONS LLC</u>
Defendant

---

**II.  AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar <u>$75,000</u>

**III.  TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions
- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

- ☐ County Civil
    - ☐ Small Claims up to $8,000
    - ☐ Civil
    - ☐ Replevins
    - ☐ Evictions
    - ☐ Other civil (non-monetary)

<span style="color:red">**Exhibit A**</span>

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**V.      NUMBER OF CAUSES OF ACTION:**
(Specify)

1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  s/ Marie A Mattox
            Attorney or party
FL Bar No.: 739685
            (Bar number, if attorney)
            Marie A Mattox
            (Type or print name)
     Date: 08/17/2020

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

CHARYLANE AUTREY
    PLAINTIFF,

Vs.                                      CASE NO:  **2020 CA 001073**
                                            DIVISION:  E

ASCEND PERFORMANCE MATERIALS OPERATIONS LLC
    DEFENDANT,

## SUMMONS

**THE STATE OF FLORIDA:**
**To Each Sheriff of the State:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **ASCEND PERFORMANCE MATERIALS OPERATIONS LLC C/O CORPORATION SERVICE COMPANY- REGISTERED AGENT 1201 HAYS STREET TALLAHASSEE, FL 32301**

Each defendant is hereby required to serve written defenses to said complaint on plaintiff's attorney(s), whose address is

    **MARIE A MATTOX**
    **MARIE A MATTOX PA**
    **203 NORTH GADSDEN STREET**
    **TALLAHASSEE, FL 32303**

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 8-19-20   TIME 10:30 A

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **18th day of August, 2020**
PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: _Jempret William_
    Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**CHARYLANE AUTREY,**

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

**Plaintiff,**

v.

**ASCEND PERFORMANCE MATERIALS OPERATIONS LLC,**

**Defendant.**

_____/

## COMPLAINT

Plaintiff, CHARYLANE AUTREY, hereby sues Defendant, ASCEND PERFORMANCE MATERIALS OPERATIONS LLC, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq., 42 U.S.C. §1981a, and the Americans with Disabilities Act (ADA), codified at 42 U.S.C. § 12101, et seq.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, CHARYLANE AUTREY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race, gender and disability.

4. At all times pertinent hereto, Defendant, ASCEND PERFORMANCE MATERIALS OPERATIONS LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American female with an actual or perceived disability and/or record of impairment, began her employment with Defendant on or about April 15, 1997 and held the position of Chemical Processor III at the time of her wrongful termination on November 4, 2018.

7. Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race, gender, and actual or perceived disability and/or record of impairment, and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8. The disparate treatment came at the hands of specifically but not limited to Human Resources Representative Sherry Green, a white female, Human Resources Representative Veronica Rankins, a white female, Plant Doctor f/n/u Luke, a white male, Case

2

Manager and Nurse Steve l/n/u, a white male, Maelic Unit Operator Scott Milstead and Engineer/Process Specialist John Williams.

9. Plaintiff was a dedicated worker with Defendant for twenty years. She was the only female and African American on her shift.

10. Defendant has engaged in a pattern or practice of discrimination based on race. On information and belief, Defendant has in the past discriminated against employees based on race.

11. Throughout Plaintiff's employment, management and other workers told her not to report wrongdoing or discrimination to Human Resources because the department heads would handle the complaints.

12. In or around May, 2006, Plaintiff first learned that she could not go to Human Resources with complaints. When Plaintiff attempted to go to Human Resources, she was met by John Williams, a department facilitator, who told her to follow him back to his office and he would handle it. Plaintiff was scared, followed his instructions, and Defendant took no corrective action.

13. As things continued to get worse, Plaintiff felt she was being singled out and targeted for failure. On or around April 17, 2012, Defendant told Plaintiff to perform job duties with no help that were usually done by two operators. When Plaintiff asked why she was expected to do a job without help when other operators were allowed to have help, the lead operator told her she should learn how to do her job, Plaintiff exited the building, and the lead operator followed her, yelling about completing the job. As a result, Plaintiff's blood pressure spiked to the point that her nose bled and she was hyperventilating.

14. Plaintiff called the onsite EMT, was taken to the hospital, and the EMT wrote a report. The lead operator was reprimanded but thereafter Plaintiff was ostracized in the workplace by white management and white workers and accused of trying to get the white lead operator fired.

15. In the last four years of Plaintiff's employment, Defendant has bullied her, cursed at her, and declined to communicate with Plaintiff about shift changes.

16. Defendant has singled Plaintiff out and cursed at her for not showing up to work early. Defendant did not single out for reprimand white employees who did not show up to work early.

17. In the 2016/17 time period, Dr. Luke suggested that Plaintiff take medical leave for eight weeks and that if she needed more, the Employee Assistance program would make arrangements for her to continue. Plaintiff took leave from October 17, 2016 to March 27, 2017 for stress, anxiety, and depression that stemmed from her work environment. Plaintiff attended counseling during this time period as well.

18. When Plaintiff tried to get Human Resources involved, she was labeled a troublemaker and accused of creating hostility in the workplace.

19. In or around April, 2018, Plaintiff was involved in a car accident. Plaintiff requested accommodations to go on light duty but Defendant denied Plaintiff accommodations. Plaintiff went to the medical department at work and Defendant placed her on medical leave, from which she was never allowed to return.

20. On Plaintiff's return to work after the accident, Plaintiff's doctor wrote in a work restriction of "no direct vibration." Neither Plaintiff's job description nor her duties included or exposed her to direct vibrations. Defendant did not inform Plaintiff as to what documents would be necessary to ensure her return to work, the plant doctor did not contact the medical doctor for an explanation of direct vibration, and the Human Resources department did not send Plaintiff's job description to her medical doctor. Defendant did not permit Plaintiff to return to work because of her disability and/or request for accommodations.

21. Defendant discriminated against Plaintiff based on her race in its decision to deny her accommodations. Defendant permitted Chemical Operator Eric Smith, a white male, to have light duty for five to six weeks due to a disability. In addition, Plaintiff and other employees had to make assignment adjustments to accommodate Eric Smith. In comparison, Defendant denied Plaintiff light duty for her actual or perceived disability and/or record of impairment and instead terminated her from its employment.

22. Defendant wrongfully terminated Plaintiff on November 4, 2018 and replaced her with a white male.

23. Plaintiff was making approximately $70,000 to $80,000 each year and Defendant terminated her at the age of fifty-three. Plaintiff was in the process of searching for another position within the company for the last ten years before she retired. As a result of her termination, Plaintiff was left with no health insurance or other benefits. Plaintiff was unable to attended necessary doctor appointments and could not afford her medications. In addition, Plaintiff has suffered emotional distress, cannot sleep, and is losing weight due to the stress created by losing her job. Plaintiff was denied LTD and was told she would not qualify for Social Security Disability. Plaintiff had been working in the industry for twenty-two years with no anticipation of starting a new career, which has been nearly impossible for her to find with the same income at the age of fifty-three. Plaintiff's depression has worsened since the events leading up to and including her termination.

24. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. This is an action against Defendant for discrimination based upon race.

29. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

34. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race.

35. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## GENDER DISCRIMINATION

27. Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

28. This is an action against Defendant for discrimination based upon gender.

29. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

30. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

31. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

32. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

33. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

34. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

35. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender.

36. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT III
## DISABILITY DISCRIMINATION

37. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

38. This is an action against Defendant for disability discrimination.

39. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

40. Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff and to engage in the interactive process with her, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of

these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

41. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived disability based and in violation of the laws set forth herein.

42. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

43. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

44. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

### **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 17th day of August 2020.

                Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF